

ENTERED
01/05/2016

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 7** |
| §  | | |
| **FAR EAST ENERGY CORPORATION** § | | **Case No. 15-35970** |
| § | | |
| **Debtor** § | | |

**ORDER GRANTING EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
(Docket No. 22)

The Court, having considered the Emergency Motion for Relief from the Automatic Stay (the "Motion") filed by Prime Rate Premium Finance Corporation, Inc. ("Prime Rate"), finds that the Court has jurisdiction under 28 U.S.C. § 1334 and the standing order of reference of the District Court, that this is a core proceeding under 28 U.S.C. § 157(b)(2), that venue is proper, and that cause exists to enter this Order. The Court further finds that:[1]

(a) Under the Finance Agreement, Prime Rate, as an insurance-premium finance company, agreed to finance for the benefit of the Debtor premium amounts totaling $65,766.00 for several insurance policies (collectively, the "Policies").

(b) Under the Finance Agreement, the Debtor agreed to make nine monthly payments of $5,637.30 and granted Prime Rate a perfected security interest in (among other things) any and all unearned or return premiums and dividends that may become payable under the Policies (as described in detail in the Finance Agreement, the "Collateral").

(c) The Debtor commenced its bankruptcy case on November 10, 2015, and failed to make the payment due on November 11, 2015 under the Finance Agreement.

Accordingly, it is hereby **ORDERED** that:

1. The Motion is GRANTED.

2. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby terminated to allow Prime Rate to immediately exercise, without the need for further motion or Court order, its rights under the Finance Agreement and applicable law, including but not limited to canceling the Policies, collecting the unearned and return premiums and dividends, and applying them to Prime Rate's claim.

---

[1] Undefined terms shall have the meaning ascribed to them in the Motion.

*3.* The notice requirements under the Finance Agreement and applicable law (including without limitation Texas Insurance Code § 651.161) are hereby waived. Any and all notices and waiting periods relating to cancellation of the Policies under the Finance Agreement and applicable law are deemed to have been satisfied by the Motion and the entry of this Order.

*4.* If Prime Rate exercises its remedies under the Finance Agreement:

   *a.* to the extent allowed under the Finance Agreement and applicable law, the Policies are deemed to be canceled as of the Petition Date (November 10, 2015); and

   *b.* any excess proceeds of the Collateral remaining after satisfying Prime Rate's claim and reasonable attorneys' fees and expenses shall be turned over to the Trustee.

*5.* If the past-due payments under the Finance Agreement are paid to Prime Rate within 2 business days after the entry of this Order and if future payments to Prime Rate under the Finance Agreement are timely made on the 11th of each month, Prime Rate will refrain from canceling the Policies.

*6.* The rights of Prime Rate under the Finance Agreement and applicable state law are fully preserved and protected, and are and shall remain unimpaired by the pendency of the Debtor's bankruptcy case.

*7.* This Order is enforceable against and binding upon all successors in interest and assigns of the parties.

*8.* The Trustee, the Debtor, and Prime Rate will execute such additional agreements, documents, or instruments as may reasonably be required to carry out the intent of this Order.

*9.* The Debtor shall not interfere with any actions of Prime Rate taken in accordance with this Order.

*10.* The 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3) and under Federal Rule of Bankruptcy Procedure 6004(h) (to the extent applicable) is waived, and this Order is effective and enforceable immediately upon entry.

**Signed: January 05, 2016.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE