THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| FAR EAST ENERGY CORPORATION § | Case No. 15-35970 |
| § | (Chapter 7) |
| DEBTOR. § | |
| § | |

**APPLICATION OF RODNEY D. TOW, CHAPTER 7 TRUSTEE, FOR AUTHORITY TO EMPLOY DIAMOND McCARTHY LLP AS GENERAL COUNSEL TO THE TRUSTEE, NUNC PRO TUNC TO NOVEMBER 12, 2015**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES:

**SUMMARY OF PROPOSED EMPLOYEMENT APPLICATION**

| | |
|---|---|
| Name of Trustee: | Rodney D. Tow |
| Name of Professional to be Employed: | Diamond McCarthy LLP |
| Reason that Employment of Professional is Needed: | To assist the trustee with his duties as set forth in § 704 of the Bankruptcy Code. |
| Compensation Arrangement | Hourly fee arrangement |
| Reason the Trustee selected the Professional | Diamond McCarthy LLP has previously represented the Trustee on Chapter 7 cases involving complex financial matters. The firm has the resources and experience to analyze claims involving the Debtor's international subsidiary and protect assets in foreign countries that may be of benefit to the Estate. In this respect, the firm is both highly qualified and uniquely able to represent the Trustee in this case. |
| Why employment is in the best interest of the estate (if Trustee's own firm): | Not applicable |

Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") appointed in the Chapter 7 case of

Far East Energy Corporation (the "Debtor"), files this Application for Authority to Employ

Diamond McCarthy LLP (the "Firm" or "Diamond McCarthy") as General Counsel to the Trustee, Nunc Pro Tunc to November 12, 2015, pursuant to 11 U.S.C. §§ 327(a) and 330, effective as of November 12, 2015 (the "Application").

## I. Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code §§ 105(a), 327, 330, 704 and Bankruptcy Rule 2014.

## II. Background

2. On November 10, 2015 ("Petition Date"), the Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

3. After the Petition Date, the United States Trustee appointed Rodney D. Tow to serve as the duly qualified and acting Chapter 7 trustee of the Debtor's estate (the "Estate").

4. On November 15, 2015, the Debtor filed its Statement of Financial Affairs (the "SOFA")[Dkt. No. 7]. On November 16, 2015, the Debtor filed its Schedule of Liabilities (the "Schedules"), [Dkt. Nos. 9-16].

5. Based on a review of the Schedules and the SOFA, the Debtor is a corporation that served as a publicly traded holding company for its subsidiary Far East Energy (Bermuda), Ltd. ("FEE Bermuda"). The Debtor's primary asset is 100% of the equity interest in FEE Bermuda.

6. Based on the Schedules, the Debtor has personal property with a stated value on the Schedules at $77,811,614.90. Schedule D provides that the Debtor owes secured creditor

Ashmore Investment Management, Ltd. a total of $112,315,789.02. Schedule F lists 39 unsecured creditors who are owed a total of $14,521,022.79.

7. The United States Trustee held the Bankruptcy Code § 341 Meeting of Creditors for the Debtor on Tuesday, December 22, 2015 at 11:30 A.M. (CT) at 515 Rusk Ave., Suite 3401, Houston, TX 77002.

8. As set out above, the Trustee needs a firm who can quickly and efficiently assist the Trustee in determining whether the major asset of FEEC can be monetized to bring a recovery for creditors of FEEC. The Trustee has requested Diamond McCarthy to assist him in this effort.

### III.  Relief Requested

9. A general counsel to the Trustee is needed to assist the trustee with his duties as set forth in § 704 of the Bankruptcy Code.  The Trustee requests employment of the law firm of Diamond McCarthy LLP, as his general counsel. The attorney(s) and paralegal(s) who will be primarily responsible for the representation of the Trustee and their hourly rates are as follows:

| | |
|---|---|
| Kyung S. Lee (Partner) | $650.00 per hour |
| William Hotze (Associate) | $245.00 per hour |
| Paralegals | $140.00 to $210.00 per hour |

10. Diamond McCarthy may also include other attorneys at Diamond McCarthy on the case. The firm intends to seek approval of the Trustee prior to involving those persons other than the core team of Messrs. Lee and Hotze.

### IV. Basis for Relief

11. Section 327(a) of the Bankruptcy Code authorizes a trustee to retain counsel to assist him with carrying out his duties as trustee:

> the trustee, with the court's approval, may employ, one or more attorneys . . . to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

12. Diamond McCarthy has been chosen as general counsel to the Trustee, because the firm has significant experience in representing chapter 7 trustees and assisting the trustee in making a determination whether the Estate is or is not an "asset" case. Diamond McCarthy possesses the applicable experience and is both highly qualified and uniquely able to represent the Trustee.

13. The services that Diamond McCarthy anticipates performing in this case include:

    a. collecting and reducing to money the property of the estate, and closing the estate as expeditiously as is compatible with the best interests of the parties in interest;

    b. assisting the Trustee in accounting for all property received;

    c. investigating the financial affairs of the debtor;

    d. if a purpose would be served, examining proofs of claims and objecting to the allowance of any claim that is improper;

    e. unless the court orders otherwise, furnishing such information concerning the estate and the estate's administration as is requested by a party in interest; and

    f. assisting the Trustee in drafting a final report and filing a final accounting of the administration of the Estate with the court and with the United States trustee.

14. Diamond McCarthy is to be employed on an hourly fee basis, subject to Court approval, pursuant to the terms of the Engagement Agreement between the Trustee and Diamond McCarthy, which is attached hereto as **Exhibit A**.

15. The hourly rates outlined above are subject to periodic review and adjustment (generally annually) to reflect changes in the economy, experience and other factors. In assessing

changes to hourly rates, Diamond McCarthy examines, among other things, data available on comparable rates in this district for attorneys of similar experience and background, professional development and overall responsibility of the attorney.

16. The rate of each professional will be clearly reflected in Diamond McCarthy's invoices and fee applications. Diamond McCarthy will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the monthly invoices and fee application Provided to the Trustee pursuant to 11 U.S.C. § 330.

17. To the best of the Trustee's knowledge, and based upon the Verified Statement of Kyung S. Lee (the "Lee Statement"), attached hereto as **Exhibit B**, Diamond McCarthy does not represent or hold any interest adverse to the Trustee or the Estate with respect to the matters for which Diamond McCarthy is to be employed and Diamond McCarthy is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

18. As set forth in the Lee Statement, Diamond McCarthy has performed a conflict inquiry predicated on a list comprised of the Trustee, the Debtor, affiliates and principals of the Debtor, known creditors of the Debtor, and other parties-in-interest. In conducting the conflict check, Diamond McCarthy used the names of the parties from the Debtor's Schedules and SOFA.

19. Except as set out here in and the Lee Statement, Diamond McCarthy did not discover any conflicts that would prohibit Diamond McCarthy from representing the Trustee as general counsel in this case.

20. Except as set forth in the Lee Statement, to the best of the Trustee's knowledge, Diamond McCarthy does not have any connection with the Trustee, the Debtor, the United States Trustee, or any other person employed in the Office of the United States Trustee.

21. Based upon the foregoing, the Trustee believes the retention of Diamond McCarthy, as general counsel, is necessary and in the best interest of this Estate, its creditors, and parties in interest.

## V. Prayer

WHEREFORE, Applicant prays that the Court enter an order authorizing the employment of Diamond McCarthy LLP as general counsel, effective as of November 12, 2015, on the terms set forth in the Application and for such other and further relief as is just and proper. Dated: January 28, 2016.

Respectfully submitted,

DIAMOND McCARTHY LLP

By: /s/ *Kyung S. Lee*
Kyung S. Lee
TBA No. 12128400
klee@diamondmccarthy.com
(713) 333-5125
William Hotze
TBA No. 24087754
whotze@diamondmccarthy.com
(713) 333-5147
909 Fannin, Suite 1500
Houston, Texas 77010
(713) 333-5125  Telephone
(713) 333-5195  Facsimile

APPROVED AS TO FORM AND CONTENT:

*/s/ Rodney D. Tow*
RODNEY D. TOW, CHAPTER 7 TRUSTEE

CERTIFICATE OF SERVICE

I certify that on January 28, 2016, a true and correct copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service; and (ii) transmitted to the parties listed on the attached service list as indicated within one business day of filing by U.S. Mail first class postage prepaid.

/s/ *William Hotze*
William Hotze